SHEPHERD, J.
This is an appeal by an octogenarian, Maximiliana Albelo, from a trial court order dismissing her premises liability complaint with prejudice, for .failure to file a petition in probate to determine her own incapacity. We summarily reverse the order on appeal and grant Albelo’s motion for an award of appellate attorney fees pursuant to section 57.105(1), Florida Statutes (2011).[1] We write only to explain the reasons for our award of sanctions against Southern Oak Insurance Company and its counsel.
This is a garden-variety premises liability claim brought by Albelo for damages to her home caused -by a burglary. The burglary and the existence of a loss are conceded. ■ It is equally undisputed Albelo suffers from age-related cognitive disabilities. Although Southern Oak did not receive notice of the claim until more than a year after the burglary, the company paid $1690 on her claim. A few months later, Abelo filed a sworn proof of loss, supported by a public adjuster’s estimate in the amount of $57,760.66. Southern Oak is of the view the sworn claim is fraudulent and instigated not by Abelo, but rather by her son. Southern Oak also is concerned about the binding effect a judgment obtained by Abelo -might have against it in the future.
Albelo responds that in April 2007 — one month before the burglary, when she was seventy-eight years old — she duly executed a Durable Power of Attorney (DPA) in favor- of her son.[2] Section *65 709.2119, Florida Statutes (2012),'regulat-. ing powers of attorneys and similar instruments, provides explicit protection to Southern Oak in the circumstances of this case. It states:
(l)(a) A third person who in good faith accepts a power of attorney that appears to be executed in the manner required by law at the time of its execution may rely upon the power of attorney and the actions of the agent which are reasonably within the scope of the agent’s authority and may enforce any obligation created by the actions of the agent as if:
1. The power of attorney were genuine, valid,.and still in effect;
2. The agent’s authority were genuine, valid, and still in effect; and
3. The authority of the officer executing for or on behalf of a financial institution that has trust powers- and acting as agent is genuine, valid, and still in effect.
§ 709.2119.[3] Southern Oak does not contest the formalities of execution and has not sought to rescind the power of attorney on the ground Albelo was incompetent at the time she executed the document. Southern Oak’s and its counsel’s persistence in arguing Albelo was required to seek a guardian for herself as a condition of continuing this action was frivolous.
Reversed and remanded with directions.

. Albelo is entitled to attorney fees .under both sections 57.105 and 627.428 of the Florida Statutes in this case. We conclude both the . .insurer and its counsel should be equally responsible for Appellant’s attorney fees in prosecuting this appeal.

. At the time the DPA was .executed, the law required that it be in writing, executed with the same formalities required for the conveyance of real -property by Florida law, and contain the words “This durable power of attorney is not affected by subsequent inca- *65 parity of the principal except as provided in s. 709.08, Florida Statutes” or "similar words.” § 709.08(1), Fla. Stat. (2007). The DPA in this case satisfies these formalities.

. Chapter 709 of the Florida Statutes regulating "Powers of Attorney and Similar Instruments” was revised and renumbered in the 2011 session of the Florida Legislature and became effective October 1, 2011. Section 709.2402 provides that except for the formalities of execution, the new law applies with-the proviso that "[i]f a right was acquired under any other law before October 1, 2011, that law continues to apply even it has been repealed or superseded.” We apply the most recent law to this cáse. However, we believe the result would be the same even ’if the former version of Chapter 709 were applied fully to the facts of this case. Cf. § 709.08(4)(á), Fla. Stat. (2007).